UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS BRAVO-PINEDA,<br><br>    Defendant. | NO. CR-10-2057-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING MOTION TO DISMISS** |

    Before the Court are Defendant's Motion to Withdraw Guilty Plea (ECF No. 27) and Motion to Dimiss (ECF No. 30). A hearing on the motions was held on July 19, 2011, in Yakima, Washington. Defendant was present and represented by Alison Geurnsey. The Government was represented by Alison Gregoire.

**1.    Defendant's Motion to Withdraw**

    Pursuant to Fed. R. Cr. P. 11(d)(2)(B), a defendant may withdraw a guilty plea after the court accepts the plea, but before sentencing if the defendant can show "a fair and just reason for requesting the withdrawal." The court applies the "fair and just" standard generously and liberally. *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011). The defendant has the burden to show a fair and just reason for the withdrawal of the plea. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).

    Here, Defendant is asserting inadequate legal advice as the basis for withdrawing his plea. As such, Defendant has the burden to show that proper

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING MOTION TO DISMISS ~ 1**

advice could have at least plausibly motivated a reasonable person in Defendant's position to not plead guilty. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). The Court finds that Defendant has met his burden. The interest of justice are better served by cases being decided on the merits and, as evidenced by his pending Motion to Dismiss, had Defendant been advised of the possibility of bringing a colorable defense to the Indictment, he would not have entered his guilty plea. The Court grants Defendant's Motion to Withdraw Guilty Plea.

**2.     Defendant's Motion to Dismiss the Indictment**

The Indictment filed in the above-captioned case lists a 2006 Removal Order as the underlying deportation proceeding.[1] Defendant moves to dismiss the Indictment because his due process rights were violated during the underlying 2000 deportation proceedings when the Immigration Judge failed to properly evaluate his eligibility for voluntary departure. Because of this, the Government cannot rely on the 2000 deportation proceedings to support a conviction under 8 U.S.C. § 1326.

"In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *Id.*

**A.     Background Facts**

In 2000, Defendant appeared before an Immigration Judge in response to receiving a Notice to Appear (NTA) from the Department of Immigration and

---

[1]The 2006 Removal Order was a reinstatement of Defendant's 2000 Removal Order.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING MOTION TO DISMISS ~ 2**

Naturalization Service.[2]  The proceeding was conducted in a group format, with a total of ten alien-respondents present.  Defendant was the fifth person in the group.

The IJ addressed the group, and all of the individuals present elected to proceed without the benefit of counsel, including Defendant.  After the group was put under oath and advised of the rights, the IJ addressed each alien individually.

The first individual was notified of the allegation and the IJ explained to him that he may be able to grant voluntary departure if the alien met various requirements.  The IJ explained that he did not generally grant voluntary departure if the person had been convicted of a criminal offense.  The IJ also stated that the alien needed $100 in order to voluntary depart and if the alien did not have the money, there was no point in pursuing the voluntary departure.  The IJ ultimately granted the first alien voluntary departure.

When it was Defendant's turn, the IJ proceeded through the NTA, reviewing each allegation, and found that Defendant was removable for having entered without inspection.  After this, the following exchange took place through an interpreter:

IJ:     Do you have the $100

D:     Yes

IJ      Mr. Burquest? [agency attorney]

MrB: Your Honor, the respondent was recently arrested for false statement and attempted acquisition of a firearm.  And released to us after a plea agreement in federal court.

IJ:     Were you convicted in federal court?

D:     It was in federal [court,] and I got 52 days.  And then they let me go.

IJ:     Well, sir, because of your conviction, I am not giving you the privilege.

At the conclusion of the hearing, the IJ stated that all the aliens he had

---

[2]Defendant provided the Court an audio recording of the 2000 proceeding.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING  MOTION TO DISMISS ~ 3**

addressed would be removed to Mexico. Then he stated that if anyone believed this decision was wrong, they could appeal the decision. He then instructed that he was going to ask each person whether this was the final decision (implying that there would be no appeal) and everyone, including Defendant, answered "FINALE" when asked.

Defendant was deported on December 27, 2000. He reentered the United States without permission and was located by the authorities. The 2000 Removal Order was reinstated and Defendant was deported on July 29, 2006. Defendant then reentered again and was located by the authorities. On June 15, 2010, the Government then filed an Indictment charging him under 8 U.S.C. § 1326. This Indictment is the focus of Defendant's Motion to Dismiss.

### B. Collateral Attacking the Removal Order

8 U.S.C. § 1326(d) provides:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

An underlying removal order is "fundamentally unfair" if a defendant's due process rights were violated by defects in his underlying deportation proceeding, and the defendant suffered prejudice as a result of the defects. *Ubaldo-Figuero,* 364 F.3d at 1049 (citations omitted). A defendant suffers prejudice if he or she had a "plausible ground for relief from deportation." *Id.*

An alien is exempt from the exhaustion requirements and was deprived of the opportunity for meaningful judicial review where the IJ failed to inform the alien that he was eligible for relief from deportation. *Id.* at 1049-50. "The requirement that the IJ inform an alien of his or her ability to apply for relief from

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**; **GRANTING  MOTION TO DISMISS** ~ 4

removal is 'mandatory' and 'failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding." *Id.* at 1050. Pursuant to 8 U.S.C. § 1229(a)(1)[3], the statutory requirement for voluntary removal are minimal in that the individual must not have an aggravated felony conviction, as defined by 8 U.S.C. § 1101(43), or be removable under statute's terrorism provision.

In determining whether to permit voluntary removal, the IJ is required to evaluate the "favorable and unfavorable factors" relevant to the decision to grant voluntary removal. *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993). Favorable factors may include family living in the United States or a history of employment; unfavorable factors may include prior criminal convictions and circumstances surrounding the alien's reentry. *Id.* at 852 (providing in footnote 8 a list of favorable and unfavorable factors to consider in voluntary departure proceedings). In *Campos-Granillo*, the Circuit remanded an IJ's decision refusing to grant voluntary departure based solely on an alien's likelihood to reenter, holding that favorable and unfavorable factors must be considered together. *Id.* at 853.

An alien is barred from collaterally attacking his underlying removal order as a defense to § 1326 charges "if he validly waived the right to appeal that order during the deportation proceedings." *Urbaldo-Figueroa*, 364 F.3d at 1048. A valid waiver of appeal "must be both 'considered and intelligent.'" *United States v. Ramos*, 628 F.3d 672, 680 (9th Cir. 2010). The Government has the burden of proving that valid waiver in a collateral attack of the underlying removal

---

[3] (a) Certain conditions
(1) In general
The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING MOTION TO DISMISS ~ 5**

Case 2:10-cr-02057-RHW   Document 49   Filed 08/02/11

proceedings. *Ramos*, 623 F.3d at 672. The court must "indulge every reasonable presumption against waiver and not presume acquiescence in the loss of fundamental rights." *Id.* The inquiry should focus on whether the defendant personally made a "considered and intelligent" waiver of his appeal. *Id.*

**C.     Analysis**

Here, it is undisputed that Defendant did not appeal the 2000 deportation order. Thus, on the face, he is ineligible to collaterally attack the deportation order. Additionally, it is undisputed that when asked, Defendant waived his right to appeal. However, the Court finds that Defendant's waiver was invalid and therefore, he is excused from the § 1326 exhaustion requirement.

Defendant was never personally informed of his ability to apply for relief from removal. The IJ's statements to the first alien regarding voluntary departure was not addressed to the entire group; rather, it was given directly to the first individual. The IJ stated to the alien that the IJ "may be able to offer *you* what is called voluntary departure under safeguards." The *you* in that statement was clearly the first alien to whom he was speaking. Notably, when the IJ spoke to the entire group, it was his practice to address them as "people."

The Court also finds problematic the IJ's apparent policy of not granting voluntary departure to any alien who has been convicted of a criminal offense. This is in direct contradiction to well-established Ninth Circuit precedent. *See Campos-Granillo*, 12 F.3d at 852. In exercising his or her discretion, the IJ is required to evaluate the "favorable and unfavorable facts" relevant to the decision to grant voluntary removal. *Id.* In this case, the IJ failed to weigh any favorable factors, and instead only focused on the unfavorable factors, and did not provide any opportunity for Defendant to introduce evidence to support a claim for voluntary departure. As such, Defendant's due process rights were violated at the deportation hearing.

Because the IJ failed to properly inform Defendant of his ability to apply for

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**; **GRANTING  MOTION TO DISMISS ~ 6**

relief from removal, and failed to consider both the favorable and unfavorable facts, Defendant's due process rights were violated at the deportation hearing. Therefore, any waiver of his right to appeal the deportation order was invalid, and Defendant is exempt from the exhaustion requirements of § 1326(d). *See United States v. Gonzalez-Melchor*, 2001 WL 2670080 (9th Cir. July 8, 2011) (concluding that where the defendant was not adequately advised of his ability to apply for voluntary departure, his appellate waiver before the IJ was invalid and the defendant was exempt from the exhaustion requirement of § 1326(d)).

The Court finds that Defendant has a "plausible" ground for relief from deportation. To counter his criminal history, Defendant would have presented evidence that he had resided continuously in the United States for almost a decade and was employed regularly. He had family living in the United States with authorization, including a U.S. citizen daughter, a U.S. citizen sister, and a legal permanent-resident brother. Moreover, he would have shown that he started forming ties to his country as a child when he was brought to the United States by his farm-working parents.

### D. Conclusion

Because Defendant was not adequately advised of his ability to apply for voluntary departure, and the IJ failed to consider both the favorable and unfavorable factors, Defendant's waiver was invalid. Because Defendant has a plausible ground for relief from deportation, the underlying deportation cannot serve as a predicate element of the § 1326 charge. As such, the Indictment alleging a violation of 8 U.S.C. § 1326 is dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Withdraw Guilty Plea (ECF No. 27) is **GRANTED**.

2. Defendant's Motion to Dismiss Indictment (ECF No. 30) is **GRANTED**.

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**; **GRANTING MOTION TO DISMISS ~ 7**

3.   The Indictment filed in the above-captioned case is **dismissed**, with prejudice.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 2nd day of August, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCRIMINAL\2010\Bravo-Pineda\grant.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA; GRANTING MOTION TO DISMISS ~ 8**